## THOMAS R. WILSON, plaintiff in error *v.* JOHN S. GREATHOUSE, defendant in error.

*Error to Marion.*

The return of a constable or other officer, should state the time when service of process was made.
The following return upon a summons, "Executed on the within defendant by his reading the within. Joseph Flinn, Const. M. C.," is insufficient and void.
Parol proof cannot be received to show when process was served, when the officer who made the service is dead.

THIS cause was tried at the March term, 1835, of the Madison Circuit Court, before the Hon. Thomas Ford.

SETH T. SAWYER, for the plaintiff in error.

WM. H. BROWN, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:
This was an action prosecuted originally before a justice of the peace, and removed by appeal into the Circuit Court.

The defendant in error moved in the Circuit Court to reverse the judgment of the justice of the peace, which had been entered against the defendant, he not having appeared before the justice, on the return day of the process of summons, because of the insufficient return of the constable as to the service of the summons, which return as endorsed on the process was, "Executed on the within defendant by his reading the within, Joseph Flinn, Const. M. C." At the same time the plaintiff in error moved the Circuit Court for leave to show, by parol, that the constable who served the process was dead, and the service of the process was within the time required by law; and also that the defendant had admitted the service to have been in time. The Circuit Court refused the leave asked by the defendant, and reversed the judgment of the justice of the peace. To reverse the decision of

the Circuit Court on this state of the case, this writ of error is prosecuted.

To determine the correctness of the judgment of the Circuit Court, it is necessary to recur to the act creating the jurisdiction of justices of the peace, and prescribing the mode of emanation, and defining the time within which the service of process of summons shall be made. The 3d section(1) of that act declares that the summons shall be served at least three days before the time of trial mentioned therein, by reading the same to the defendant. It is apparent in the present case, that it would be utterly impossible, from the face of the return, to determine whether the process had been served within the time prescribed by the law or not, because no day or date is given by the return of the officer. The return is not even dated, and by which it might, if made three days before the return day of the process, have been perhaps inferred, that the service had been made in time. For aught that can be presumed, it might have been made on the return day of the process. The return should have shown distinctly the time of service, so that the justice could have determined whether the service was regular, and within the time prescribed by law. It is proper that ministerial officers, like sheriffs, constables, and others charged with service of process, should state clearly the time and manner of serving such process, and no plea of inconvenience resulting to others from their neglect should dispense with its performance. It is essential to the exercise of all jurisdictions rendering judgments or decrees affecting the persons or property of individuals, where the proceeding is by summons directed to the defendants, that they should have indisputable evidence before them, that the party to be affected by their judgments or decrees, is regularly before them, otherwise their proceedings are *coram non judice ;* consequently irregular and void. This appearance must be either actual or constructive. Now, where there is no evidence that the process by which the party is to be called before the Court, has been duly served, according to the law prescribing the time and manner of such service, can it be contended that a judgment may be rendered against such party by default, and execution issue against him ?

The plaintiff, in a case where the defendant does not appear, proceeds at his peril; he is bound to see that all antecedent proceedings are regular, and if they are not, he necessarily consents to meet the consequences of such irregularities. It is manifest in the present case, that there was no evidence of the time of the service of the process of summons on the defendant, and as he did not appear before the justice, he has waived nothing on the score of irregularity.

(1) R. L. 387; Gale's Stat. 403.

The cross motion for leave to show, by parol, the time of service, was properly refused. Such a course could never be justified on principle, nor is there, it is believed, a single precedent to warrant such a course. The return of the officer could have been amended only by himself; if his death intervened to prevent it, still that is no cause for a departure from the rule. It is a false supposition to say that the act of God would work an injury to the present plaintiff, if parol evidence be refused, because it was the plaintiff's own negligence in not taking care, in the first instance, before the justice, to have had the return of the constable amended at the trial. His omission to do so, cannot now be a reason for adopting a rule that would lead to the most interminable perplexities and mischievous consequences. But suppose the evidence received, still no officer, it is admitted, is in being to make the amendment. By whom, then, could it be done? This, it is supposed, sufficiently illustrates the entire irregularity and inutility of the cross motion.

The judgment of the Circuit Court is affirmed with costs.
*Judgment affirmed.*